# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DANA LYNN RIDGE and KARISSA
ALBRECHT,

       Plaintiffs,

    v.

DYNASPLINT SYSTEMS, INC.,

       Defendant.

Case 1:14-cv-00378-GLR

## ANSWER AND DEFENSES

Defendant Dynasplint Systems, Inc. ("Dynasplint"), through counsel, submits its Answer and Defenses in response to the Class Action Complaint and Jury Demand filed by plaintiffs Dana Lynn Ridge and Karissa Albrecht, and states as follows:

## NATURE OF THE ACTION

1.    The first sentence provides a legal description of this action, and does not call for a factual response.  With respect to the second sentence, Dynasplint admits that each plaintiff was a Dynasplint employee who was laid off on or around August 6, 2013, and has not been recalled. Dynasplint otherwise denies the allegations in the second sentence inasmuch as they use statutory terms and/or state legal conclusions, and do not call for a factual response.  Dynasplint denies the allegation contained in the third sentence.

## JURISDICTION AND VENUE

2.    The paragraph states a legal conclusion rather than calling for a factual response.

3.    Admit.

4.    The paragraph states a legal conclusion rather than calling for a factual response.

## THE PARTIES

5.      Dynasplint admits that it is a corporation formed under the laws of the State of Maryland with its headquarters located in Severna Park, Maryland, and that it has additional facilities including those located in Clifton, New Jersey; Stevensville, Maryland; Medina, Ohio; and Kenner, Louisiana.

6.      Dynasplint admits that Ms. Albrecht was employed at its Severna Park headquarters located at 770 Ritchie Highway, Severna Park, Maryland, and that Ms. Albrecht was laid off on or around August 6, 2013 due to unforeseen business circumstances that arose on August 1, 2013.  The paragraph otherwise states a legal conclusion that does not call for a factual response, but to the extent a factual response is called for, Dynasplint denies the allegations to the extent they are inconsistent with the preceding sentence in this Answer.

7.      Dynasplint admits that Ms. Ridge was employed at its Severna Park headquarters located at 770 Ritchie Highway, Severna Park, Maryland, and that Ms. Ridge was laid off on or around August 6, 2013 due to unforeseen business circumstances that arose on August 1, 2013. The paragraph otherwise states a legal conclusion that does not call for a factual response, but to the extent a factual response is called for, Dynasplint denies the allegations to the extent they are inconsistent with the preceding sentence in this Answer.

8.      Deny.

9.      Deny.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104(a)(5)

10.      The paragraph characterizes the legal nature and basis of plaintiffs' action and does not call for a factual response, but to the extent it does call for a factual response, Dynasplint denies plaintiffs' claim for class action treatment and generally denies liability.

2

4429775.1

11.    Deny.

12.    Deny.

13.    Deny.

14.    Dynasplint admits that it did not pay all listed forms of compensation to plaintiffs for the sixty-day period following their layoffs; however, Dynasplint denies any implication that it had a legal obligation to do so.

## CLASS ACTION ALLEGATIONS – RULES 23(a) and (b)

15.    The paragraph characterizes the legal nature and procedural basis of plaintiffs' action and does not call for a factual response, but to the extent it does call for a factual response, Dynasplint denies plaintiffs' claim seeking class action treatment and generally denies liability.

16.    The paragraph states a conclusion about a procedural element required for class action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint denies the statement.

17.    The paragraph states a conclusion about a procedural element required for class action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint denies the statement.

18.    The paragraph states a conclusion about a procedural element required for class action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint denies the statement.

19.    The paragraph states a conclusion about a procedural element required for class action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint denies the statement.

20.    The paragraph states a conclusion about a procedural element required for class

action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint states that it lacks sufficient information to admit or deny the statement, and reserves all rights afforded it under the rules to challenge class action treatment at an appropriate time.

21.    The paragraph states a conclusion about a procedural element required for class action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint denies the statement.

22.    The paragraph states a conclusion about a procedural element required for class action treatment and does not call for a factual response; however, if the paragraph calls for a factual response, then Dynasplint generally denies the allegation.  By way of further response, Dynasplint denies that the listed subparts weigh against various substantial factual and legal distinctions among the putative class members that predominate over common issues and weigh heavily against class action treatment.

## CLAIM FOR RELIEF

23.    Dynasplint admits that it employed more than 100 full-time employees at its locations in the United States at relevant times, including more than 100 such employees at its Severna Park headquarters.

24.    The paragraph states a legal conclusion and does not call for a factual response.

25.    Dynasplint admits that it ordered layoffs on or around August 6, 2013.  Otherwise, the paragraph states a legal conclusion and does not call for a factual response.

26.    The paragraph states a legal conclusion and does not call for a factual response.

27.    The paragraph states a legal conclusion and does not call for a factual response.

28.    Deny.

4

29.   Dynasplint denies any implication that it was required to provide sixty-days' advance notice prior to ordering the layoffs on or around August 6, 2013.

30.   Dynasplint admits that it did not pay all listed forms of compensation to plaintiffs for the sixty-day period following their layoffs; however, Dynasplint denies any implication that it had a legal obligation to do so.

31.   Deny.

WHEREFORE, Dynasplint denies all allegations contained in the complaint except as specifically admitted, and denies liability on plaintiffs' claim for relief; and Dynasplint reserves its right to challenge all conclusions of law or fact stated throughout the complaint.

## JURY TRIAL DEMAND

Dynasplint reserves its right to move to strike the jury trial demand as to any issues not triable by jury.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*.   The complaint should be dismissed because it fails to state any claim upon which relief may be granted.

*Second Affirmative Defense*.   The complaint should be dismissed because Dynasplint provided its employees as soon as practicable with legally sufficient notice of a layoff necessitated by unforeseen business circumstances.   *See* Dynasplint Motion for Summary Judgment (filed March 12, 2014)*.   See generally* Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. §§ 2102(b)(A).

*Third Affirmative Defense*.   The complaint should be dismissed because as of June 2013, Dynasplint was actively seeking funding from third parties, which, if obtained, would have obviated the need for any shutdown or layoff, and because an employer reasonably would have

concluded that any WARN Act notice in these circumstances could have jeopardized Dynasplint's prospects of raising financing.

**_Fourth Affirmative Defense_**.  The complaint should be dismissed in whole or in part to the extent that the WARN Act does not cover the layoffs ordered by Dynasplint on or around August 6, 2013.

**_Fifth Affirmative Defense_**.  The complaint should be dismissed to the extent that layoffs ordered by Dynasplint on or around August 6, 2013 do not meet the statutory definitions either of a "plant closing" or of a "mass layoff."  29 U.S.C. §§ 2101(a)(2), (3).

**_Sixth Affirmative Defense_**.  The complaint should be dismissed in whole or in part to the extent that plaintiffs and/or any putative class members do not meet the statutory definitions of "affected employees" or "aggrieved employee," and/or did not sustain an "employment loss" as defined in the Act.  29 U.S.C. §§ 2101(a)(5), (6), § 2104(a)(7).

**_Seventh Affirmative Defense_**.  The complaint should be dismissed, or the claims for relief limited, to the extent of any reductions established under 29 U.S.C. § 2104(a)(2).

**_Eighth Affirmative Defense_**.  The complaint should be dismissed, or the claims for relief limited, because Dynasplint ordered the layoffs in good faith and with reasonable grounds for believing that it had not committed any violation of the WARN Act.  29 U.S.C. § 2104(a)(4).

**_Ninth Affirmative Defense_**.  The complaint should be dismissed because the layoffs were forced by the unilateral actions of a third-party lender that took control of Dynasplint's operating funds over Dynasplint's objections, which left inadequate funds for the company to cover its payroll as of August 1, 2013.

**_Tenth Affirmative Defense_**.  The complaint should be dismissed in whole or in part to the extent that any employees waived or released their rights to seek relief under the WARN Act.

**_Eleventh Affirmative Defense_**.  The complaint should be dismissed in whole or in part to the extent any claim is barred by the applicable statute of limitations.

**_Twelfth Affirmative Defense_**.  Dynasplint reserves its right to raise all other defenses available under the WARN Act and applicable law, and reserves its right at an appropriate time determined by the Court to challenge class action treatment of this case on all available grounds.

Date:   March 12, 2014

Respectfully submitted,

_/s/ William J. Murphy_

William J. Murphy (Bar No. 00497)
Robert T. Shaffer III (Bar No. 04074)
Daniel P. Moylan (Bar No. 26476)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
T: 410-332-0444
F: 410-659-0436
wmurphy@zuckerman.com
rshaffer@zuckerman.com
dmoylan@zuckerman.com

_Counsel for Defendant_

4429775.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of March, 2014, a copy of Defendant's

Answer and Defenses were served as follows:

CM/ECF ONLY:                          FIRST-CLASS MAIL ONLY:

Paul D. Starr (Bar No. 024789)        Mary E. Olsen (OLSEM4818)
Abato, Rubenstein and Abato, P.A.     M. Vance McCrary (MCCRM4402)
809 Gleneagles Court, Suite 320       David C. Tufts (TUFTD7673)
Baltimore, Maryland 21286             THE GARDNER FIRM, PC
                                      210 S. Washington Ave.
                                      Post Office Drawer 3103
                                      Mobile, AL 36652


CM/ECF ONLY:                          FIRST-CLASS MAIL ONLY:

Stuart J. Miller (SJM 4276)           Cooperating Counsel for
LANKENAU & MILLER, LLP                THE NLG MAURICE AND JANE SUGAR
132 Nassau Street, Suite 423          LAW CENTER FOR ECONOMIC AND
New York, NY 10038                    SOCIAL JUSTICE, a non-profit law firm
                                      733 St. Antoine, 3rd Floor
                                      Detroit, Michigan 48226



                    */s/ William J. Murphy*

8

4429775.1