

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

December 15, 2014

LETTER OPINION TO ALL COUNSEL OF RECORD

Re: <u>Dana Lynn Ridge, et al. v. Dynasplint Systems, Inc.</u>
    Civil No. 14-CV-378-GLR

Dear Counsel:

      By their letters dated December 9, 2014 (ECF No. 57) and December 10, 2014 (ECF No. 58), respectively, Plaintiffs and Defendant have again asked for the Court's assistance with discovery in this WARN Act case. The Court finds that no hearing is necessary pursuant to Local Rule 105.6 (D.Md.2014).

      By way of background, the Parties first came to the Court for assistance on September 18, 2014 when Defendant sought to limit Plaintiffs' third party discovery following Judge Russell's June 25, 2014 Order granting partial summary judgment in Defendant's favor as to Plaintiffs' claim that Defendant did not provide its employees 60 days notice prior to laying off a significant part of its work force. (ECF No. 34). Plaintiffs' remaining claim that Defendant did not provide as much notice as reasonably practicable under the circumstances remained, and Judge Russell's Order further contemplated "limited discovery" on that remaining issue. (ECF No. 24). By its Order of September 23, 2014, the Court did allow Plaintiffs to conduct the third-party discovery they sought. (ECF No. 37.)

      By their respective status reports of October 7 and 8, 2014 (ECF Nos. 39 & 40), Plaintiffs and Defendant raised other discovery disputes with the Court. This time, Plaintiffs generally challenged the adequacy of Defendant's discovery responses and also objected to discovery propounded by the Defendant after a failed settlement conference but within the discovery deadline. Defendants also asked for a modification of the discovery schedule which Plaintiffs opposed. By its Order of October 9, 2014, (ECF No. 42) the Court asked the parties to succinctly address any remaining discovery issues regarding the adequacy of Defendant's discovery responses in writing by October 14, 2014 and the

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Website at www.mdd.uscourts.gov

Court allowed the discovery propounded by Defendant to go forward.  The Court also invited the parties to propose a joint modification to the discovery schedule in light of Defendant's request and its ruling allowing Defendant's discovery.

In their submissions of October 14, 2014 (ECF Nos. 43 & 44), the Parties advised that no discovery disputes existed that were ripe for resolution as the Parties had not yet been successful in conferring to try to reach resolution of the remaining areas of dispute.  Further, Plaintiffs continued to oppose any modification of the schedule.   By its Order of October 16, 2014 (ECF No. 47), this Court entered a brief extension of deadlines per Defendant's request, extending the discovery to December 10, 2014.   In the meantime, Plaintiffs filed their Motion to Certify Class on October 15, 2014.

The Parties contacted the Court in early November, advising of another discovery dispute for which the Court ordered written submissions be filed by November 11, 2014.  (ECF No. 49). In those submissions (ECF Nos. 50 & 51), the Parties addressed Plaintiffs' complaint that they needed additional information on class action certification issues.  Plaintiffs also again raised concerns about the overall adequacy of Defendant's discovery responses to date, but because Defendant had recently supplemented its responses, it remained unclear whether there were any ongoing disputes.  Therefore, on November 14, 2014 the Court ordered the parties to meet and confer on November 20, 2014 and if disputes remained, to state their respective positions as to each remaining dispute in writing to the Court "as soon as practicable, keeping in mind the current discovery deadline" of December 10, 2014.  (ECF No. 52).  (It is unclear whether this occurred on November 20, 2014, but Defendant alludes to a telephone call over several hours "before Thanksgiving" with Plaintiffs on these issues.  (*See* ECF No. 58)).   The Court also encouraged the parties to consider phasing or delaying discovery on some issues pending the resolution of others.   (The Court also requested a letter brief from each party regarding whether identifying potential class members by name and address was appropriate prior to certification--an issue the Court addressed by its Order dated December 2, 2014 (ECF No. 56), largely siding with Plaintiffs.)

On December 9, 2014, Plaintiffs contacted the Court about the latest dispute.  (ECF No. 57) Defendant submitted its position on December 10, 2014. (ECF No. 58).  Some of Plaintiffs' complaints concerned discovery on class certification issues (some of which have since been remedied by Defendant).   Plaintiffs also requested a 45-day extension of the current discovery deadline.  Finally, Plaintiffs again brought up the "overall adequacy" of Defendant's discovery responses, an issue first raised on October 7, 2014 but never presented to the Court in sufficient detail to allow for decision despite several invitations to do so beginning with the Court's October 9, 2014 Order. (*See* ECF No. 42).  In Plaintiff's partial defense, Defendant has made repeated supplemental productions without making it clear whether it was maintaining its original objections to Plaintiffs' discovery, whether it was withholding any documents based on those objections, or whether it simply had no other responsive information (despite this Court's Order of November 14, 2014 that directed Defendant to do so).  For its part, Defendant promised to respond to Plaintiffs as previously directed by December 12, 2014, but also asks the Court to stay further discovery which Defendant contends concerns only

class certification issues at this point. Defendant also expresses its intention to file a dispositive motion by the January 7, 2015 motions deadline on the remaining substantive issue in the case—the "reasonable notification" issue. Defendant points out that if that motion is granted, it will dispose of the case, making it unnecessary for the Court and the Parties to address the class certification issue and any related remaining discovery. Defendant represents that discovery regarding the "reasonable notification" issue has concluded.

The Court agrees that it would be more efficient to deal with the "reasonable notification" issue first. The Court is satisfied that the parties have had sufficient time to conduct the "limited discovery" on that issue contemplated by Judge Russell in his June 24, 2014 Order. As discovery closed on December 10, 2014, the Court is not inclined to re-open it as to this "reasonable notification" issue. However, to the extent Defendant has already agreed to provide additional information on this issue but has not yet provided it to Plaintiffs, Defendant shall do so by December 19, 2014. Defendant will file its motion on the reasonable notification issue by the January 7, 2015 deadline.

The Court will re-open discovery on class certification issues (and any other issues that remain in the case) in the event Defendant does not prevail on its motion. Should that additional discovery period become necessary, it will be for 45 additional days absent good cause shown. Until then, any further discovery in this matter (except discovery already promised by Defendant but not yet provided) is stayed pending decision on Defendant's motion. The Court will defer ruling on Plaintiffs' Motion to Certify Class until after ruling on Defendant's motion, should it still be necessary. The Court will also defer ruling on Plaintiffs' request regarding revisiting a portion of its December 2, 2014 Order as it relates to the "Stevensville Group" and the "telecommuting" group until after a ruling on Defendant's motion should it still be necessary.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

cc: The Honorable Judge Russell